**U–HAUL COMPANY, Appellant,**

v.

**CITY OF DALLAS et al., Appellees.**

No. 4300.

Court of Civil Appeals of Texas.

Eastland.

May 30, 1969.

Jerry T. Brownlow, James T. Rudd, Grand Prairie, William J. Mayhew, Ted P. McMaster, Asst. City Atty., Dallas, for appellant.

Henry Wade, Dist. Atty., Sam Connally and Gerald Weatherly, Dallas, for appellees.

COLLINGS, Justice.

This suit was brought by the City of Dallas against U-Haul Company, a corporation, existing under the laws of the State of Texas with office at Grand Prairie, Dallas County, Texas. Plaintiff sought to recover from the defendant $3,445.12 in taxes on personal property for the years 1965 and 1966. The personal property involved included the trucks, trailers and accessory equipment of the defendant. The State of Texas intervened for itself and for Dallas County seeking judgment against the defendant for $10,539.27 in county and state taxes on such personal property.

The City of Grand Prairie and the Grand Prairie Independent School District also intervened. These intervenors denied the right and power of the City of Dallas to assess and collect taxes on such personal property, asserting that the U-Haul Company is a Texas corporation with its principal place of business and registered office in the City of Grand Prairie and within the Grand Prairie Independent School District; that for the period of time here involved such intervenors assessed, levied and collected taxes on all the trucks, trailers and accessory equipment of U-Haul Company located within the State of Texas. Such intervenors asserted that they had the right to collect taxes on such personal property by virtue of Article 7153 Vernon's Ann.Tex.Civ.St., to the exclusion of all other taxing agencies except the County of Dallas and the State of Texas. Such intervenors pray that the City of Dallas be permanently restrained and enjoined from assessing or collecting any taxes from U-Haul Company on such personal property.

Upon a hearing of the motion of U-Haul Company, summary judgment was rendered decreeing that the City of Dallas take nothing by its suit. The City has not appealed from such judgment. We overrule, however, the motion of the City that

it be dismissed as a party in the case. An appeal has been taken from other actions of the court in favor of the City. The City is therefore still in the case as an appellee.

It was decreed by the court that the State of Texas and the County of Dallas recover judgment against U-Haul Company in the amount of $10,677.41 and a foreclosure of their tax lien on the property involved. U-Haul Company has appealed from this portion of the judgment.

The Court further decreed that the prayer of the intervenors the City of Grand Prairie and the Grand Prairie Independent School District for an injunction restraining the City of Dallas from making further assessments against U-Haul Company for taxes on any of its trucks, trailers and accessory equipment and from seeking collection of such taxes be and the same was in all things denied. To this action of the court the Grand Prairie intervenors have appealed.

■ We overrule the point urged by the City of Grand Prairie and the Grand Prairie Independent School District contending that the court erred in failing to restrain and enjoin the City of Dallas from making further assessment and collection of taxes on the personal property of U-Haul Company. The question of the future taxation of the personal property of U-Haul Company is based upon the tax situs of such property at times material. The tax situs of the property may hereafter change from time to time.

■ We also overrule the point of appellant U-Haul Company contending that the court erred in holding that the County of Dallas and State of Texas were entitled to collect taxes on all the trucks, trailers and accessory equipment owned by U-Haul Company located within the State of Texas for the years involved in this suit. The undisputed evidence shows that U-Haul Company is a corporation and has its principal place of business and registered office in Dallas County and the State of Texas.

In Greyhound Lines, Inc., v. Board of Equalization (Tex.Sup.Ct., 1967), 419 S.W. 2d 345, it is stated as follows:

"In the absence of legislation to the contrary, the local tax situs of rolling stock owned by a corporation is at the place where the corporation maintains its principal office or place of business."

The holding in the above cited case determines the disposition of U-Haul Company's contention. The point is overruled.

The judgment of the trial court is affirmed.